[Cite as *Wildman v. Wildman*, 2012-Ohio-5090.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| NATALIE E. WILDMAN | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| TERRANCE A. WILDMAN, JR. | : | Case No. 12-CA-21 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 09DR1605


JUDGMENT:      Affirmed/Reversed in Part and Remanded


DATE OF JUDGMENT:      November 1, 2012


APPEARANCES:

For Plaintiff-Appellee

STEPHEN E. SCHALLER
P.O. Box 309
Newark, OH 43058

Guardian ad Litem

SANDRA L. BRANDON
P.O. Box 160
Rockbridge, OH 43149

For Defendant-Appellant

ROBERT C. HETTERSCHEIDT
580 South High Street
Suite 200
Columbus, OH 43215

*Farmer, J.*

{¶1}    On May 3, 1997, appellant, Terrance Wildman, Jr., and appellee, Natalie Wildman, were married.  The parties had three children, Kennedy born April 28, 2000, Parker born September 12, 2001, and Avery born April 18, 2004.  On November 13, 2009, appellee filed a complaint for divorce.

{¶2}    A hearing was held on June 23, 2011.  By judgment entry decree of divorce filed February 24, 2012, the trial court granted the parties a divorce and set forth orders on parental rights and responsibilities, child support, spousal support, attorney fees, and property division.  The trial court also found appellant in contempt for violating child support and discovery orders.  Findings of fact and conclusions of law were filed on April 30, 2012.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}    "THE TRIAL COURT ERRED AS A MATTER OF FACT WHEN IT DETERMINED APPELLANT'S ANNUAL INCOME TO BE $104,766.00 ANNUALLY."

II

{¶5}    "THE TRIAL COURT ERRED AS A MATTER OF FACT WHEN IT DETERMINED THE APPELLANT'S CHILD SUPPORT OBLIGATION TO BE $456.31 PER MONTH PER CHILD FOR A TOTAL OF $1368.92 PER MONTH."

III

{¶6}   "THE TRIAL COURT ERRED AS A MATTER OF FACT AND ABUSED ITS DISCRETION WHEN IT DETERMINED THE APPELLANT'S SPOUSAL SUPPORT OBLIGATION TO BE $1800.00 PER MONTH."

IV

{¶7}   "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CALCULATED THE APPELLANT'S ACCUMULATED REMAINING SICK LEAVE TO BE WORTH $15,831.00 AND HIS ACCUMULATED REMAINING VACATION TIME TO BE WORTH $9,700.00"

V

{¶8}   "THE TRIAL COURT ERRED WHEN IT ASSIGNED AND DISTRIBUTED A TAX REFUND OF $5901.00 TO THE APPELLANT."

VI

{¶9}   "THE TRIAL COURT ERRED WHEN IT ASSIGNED TO THE APPELLANT IN ITS DIVISION OF PROPERTY THE $5,012.15 THAT THE APPELLANT WITHDREW FROM HIS OHIO DEFERRED COMPENSATION ACCOUNT."

VII

{¶10}  "THE TRIAL COURT ERRED WHEN IT INCLUDED IN ITS PROPERTY DIVISION AND ASSIGNED TO THE APPELLANT THE $3031.20 THAT HE RECEIVED FOR A PORTION OF HIS SICK LEAVE."

VIII

{¶11} "THE TRIAL COURT ERRED WHEN IT ASSIGNED A DEBT TO THE APPELLEE'S MOTHER TO THE APPELLEE'S SIDE OF THE DISTRIBUTION."

IX

{¶12} "THE TRIAL COURT ERRED IN ITS DISTRIBUTION OF PROPERTY SUMMARY."

X

{¶13} "THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT IN CONTEMPT OF COURT."

XI

{¶14} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES WITH REGARD TO THE PARTIES' MINOR CHILDREN."

XII

{¶15} "THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES IN THE AMOUNT OF $15,000.00 TO BE PAID BY THE APPELLANT TO THE APPELLEE."

I, II

{¶16} Appellant claims the trial court erred in determining his annual income to be $104,766.00, and as a result, his child support obligation is incorrect. We disagree.

{¶17} R.C. 3119.01(C)(7) defines "gross income" as follows:

"Gross income" means, except as excluded in division (C)(7) of this section, the total of all earned and unearned income from all sources

during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; severance pay; pensions; interest; trust income; annuities; social security benefits, including retirement, disability, and survivor benefits that are not means-tested; workers' compensation benefits; unemployment insurance benefits; disability insurance benefits; benefits that are not means-tested and that are received by and in the possession of the veteran who is the beneficiary for any service-connected disability under a program or law administered by the United States department of veterans' affairs or veterans' administration; spousal support actually received; and all other sources of income.

{¶18} Because a determination of gross income is a factual finding, we will review the trial court's decision to determine whether it is supported by competent credible evidence. *Fallang v. Fallang,* 109 Ohio App.3d 543 (12th Dist. 1996).

{¶19} Appellant argues the trial court should have determined his annual income to be $80,413.66. In determining appellant's income to be $104,766.00, the trial court found the following in its findings of fact and conclusions of law filed April 30, 2012:

The Court finds that in the discovery process, the plaintiff made repeated efforts to obtain historical income information from the

defendant. Upon cross-examination, the defendant was still not able to provide sufficient information regarding his bonus and overtime income for 2008, 2009, and 2010.

As a result, this Court is left with relying upon the defendant's paystub for his pay period ending March 19, 2011, to calculate his 2010 anticipated income for the purpose of preparing the basic child support worksheet (R.C. 3119.021) and in considering the merits of an award of spousal support.

Utilizing the defendant's year-to-date income of $25,863.47, and deducting those sums that he received when he cashed in his sick leave of $3,031, and his one-time, annual, uniform allowance of $850, leaves year-to-date earnings of $21,982.47. Extrapolating those gross earnings for the remainder of the year, and adding back in the $850 uniform earnings, would suggest 2010 gross income of $104,766. According, this Court finds from the evidence that the defendant will earn annual gross income of $104,766. In arriving at this number, the Court has also taken into consideration that in 2010, the defendant enjoyed gross earnings of some $78,272 and has since been promoted to Lieutenant with a corresponding raise in his base salary.

{¶20} The evidence presented included appellant's pay stub for the pay period ending March 19, 2011 (Plaintiff's Exhibit No. 3). T. at 30. Appellant did not provide any information on bonus and overtime income for 2008, 2009, and 2010. T. at 31. He

was not able to project overtime or shift differential income for 2011 as he was recently promoted to lieutenant which included a pay increase. T. at 113-114, 115-116, 128-129.

{¶21} Given the limited evidence presented, we find the trial court's determination in extrapolating appellant's income to be $104,766.00 to be supported by competent credible evidence. T. at 30-32, 116-117, 128-130. Appellant's child support obligation based on $104,766.00 of income is correct.

{¶22} Assignments of Error I and II are denied.

III

{¶23} Appellant claims the trial court erred in determining the amount of his spousal support obligation. We disagree.

{¶24} The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. *Cherry v. Cherry,* 66 Ohio St.2d 348 (1981). We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. *Holcomb. v. Holcomb,* 44 Ohio St.3d 128 (1989). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶25} In its judgment entry decree of divorce filed February 24, 2012, the trial court went through all of the factors set forth in R.C. 3105.18(C)(1) and ordered appellant to pay appellee spousal support in the amount of $1,800.00 per month for

thirty-six months or until appellee remarries, cohabitates with an unrelated male or either party dies. The trial court reserved jurisdiction over the spousal support award.

{¶26} Appellant argues his spousal support obligation should be $483.08 per month, basing the amount on his "actual income" of $80,413.00. In Assignment of Error I, this court affirmed the trial court's determination of $104,766.00 for appellant's income.

{¶27} The marriage was of 14 years, appellee has an imputed income of $23,920.00, and appellee is the residential parent of the three minor children.

{¶28} The trial court clearly considered all of the factors under R.C. 3105.18(C)(1) and specified the weight it attached to each factor. Upon review, we do not find an abuse of discretion in the spousal support award.

{¶29} Assignment of Error III is denied.

IV

{¶30} Appellant claims the trial court erred in determining the amounts of his accumulated sick leave to be $15,831.00 and his accumulated vacation time to be $9,700.00. We disagree.

{¶31} Prior to the hearing, the parties filed stipulations (Court's Exhibit No. 1), and stipulated that their marriage lasted over fourteen years. The parties further stipulated that appellant's base salary was $35.75 per hour and he had accumulated 805.120 hours of sick leave and 271.345 hours of vacation time which are all consistent with his pay stub for the pay period ending March 19, 2011 (Plaintiff's Exhibit No. 3). Appellant testified he would have sixteen years of service on September 10, 2011. T. at 39.

{¶32} Appellant argues the time he accumulated during the approximate twenty months prior to the marriage was his separate property.

{¶33} Given appellant's remaining accumulated hours of sick and vacation time, appellant clearly took sick and vacation time during his sixteen years of employment. In fact, appellant received an accumulated sick leave payout of $3,031.00. T. at 33. Deductions for sick and vacation time are taken from the beginning of the accumulations i.e., when appellant was single. Therefore, the remaining accumulated hours constituted marital property.

{¶34} Upon review, we find the trial court did not err in determining the amounts of appellant's accumulated sick and vacation time.

{¶35} Assignment of Error IV is denied.

## V, VI, VII, VIII, IX

{¶36} Appellant claims the trial court erred in its division of property. We agree in part.

{¶37} We will review these assignments of error under the abuse of discretion standard. *Cherry,* supra; *Blakemore,* supra.

{¶38} R.C. 3105.171(A)(3)(a) defines "marital property" as follows:

All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;

All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;

Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage;

A participant account, as defined in section 148.01 of the Revised Code, of either of the spouses, to the extent of the following: the moneys that have been deferred by a continuing member or participating employee, as defined in that section, and that have been transmitted to the Ohio public employees deferred compensation board during the marriage and any income that is derived from the investment of those moneys during the marriage; the moneys that have been deferred by an officer or employee of a municipal corporation and that have been transmitted to the governing board, administrator, depository, or trustee of the deferred compensation program of the municipal corporation during the marriage and any income that is derived from the investment of those moneys during the marriage; or the moneys that have been deferred by an officer or employee of a government unit, as defined in section 148.06 of the Revised Code, and that have been transmitted to the governing board,

as defined in that section, during the marriage and any income that is derived from the investment of those moneys during the marriage.

TAX REFUND

{¶39} Appellant claims the trial court erred in assigning to him a tax refund of $5,901.00. Appellant received the tax return and used it to pay bills. T. at 27, 29.

{¶40} Pursuant to Court's Exhibit No. 1 at ¶ 15, the parties stipulated: "[t]he parties filed separate federal and state tax returns for the 2010 tax year. As a result, the plaintiff received a refund of $856 and the defendant received a refund of $5,801. Both refunds represent marital property subject to equitable distribution."

{¶41} Given the stipulation, we find the trial court did not abuse its discretion in assigning the tax refund to appellant.

DEFERRED COMPENSATION

{¶42} Appellant claims the trial court erred in assigning to him the amount he had withdrawn from his deferred compensation account, $5,012.15.

{¶43} The complaint for divorce was filed on November 13, 2009. Appellant withdrew the amount from his account on November 16, 2009 as so stipulated by the parties. T. at 37-38; Plaintiff's Exhibit No. 6.

{¶44} We find the trial court did not abuse its discretion in finding the withdrawal to be marital property and assigning it to appellant.

## SICK LEAVE

{¶45} Appellant claims the trial court erred in assigning to him the amount he received as a sick leave payout, $3,031.20, during the pendency of the divorce. Appellant received the payout and used it to pay bills.  T. at 33-34.

{¶46} Pursuant to findings of fact and conclusions of law filed April 30, 2012 at ¶ 14, the trial court found the following:

> The Court further finds that the defendant conceded that in the first pay quarter of 2011, he "cashed in" a portion of his sick leave and received $3,031.20.  This Court finds this amount to be a marital asset and would further note that his decision to remove those funds was in direct violation of this Court's temporary restraining order of November 13, 2009.

{¶47} The November 13, 2009 order restrained appellant from "disposing of, selling, secreting, destroying, removing, or encumbering any of the property or assets of the parties, during the pendency of this action."

{¶48} We find the trial court did not abuse its discretion in finding the payout to be marital property and assigning it to appellant.

## DEBT TO APPELLEE'S MOTHER

{¶49} Appellant claims the trial court erred in assigning to appellee an outstanding debt to her mother.

{¶50} Pursuant to the judgment entry decree of divorce filed February 24, 2012 at ¶ 11, the trial court ordered: "[e]ach party shall pay and hold the other harmless on any debt in their own individual name including any debt to their respective families. The Court finds that the plaintiff's debt to Patricia Landis is marital debt."

{¶51} Plaintiff's Exhibit No. 9 outlines the amounts appellee received from her mother, Patricia Landis. Appellant stipulated to the exhibit. T. at 58. Appellee testified her and appellant borrowed the money and agreed to pay her mother back. T. at 64. There was no further testimony from either party regarding this issue.

{¶52} Plaintiff's Exhibit No. 9 includes the borrowing of $1,395.00 for three van payments and $3,500.00 for attorney fees. The van is appellee's vehicle. T. at 48. Pursuant to the temporary orders filed May 10, 2010, appellee was ordered to pay her vehicle lease. In addition, in Court's Exhibit No. 8, the parties stipulated that "[e]ach party will retain his/her own motor vehicle(s) and shall assume, pay, and hold the other harmless upon the indebtedness associated with his/her vehicle(s)." Therefore, the $1,395.00 amount is solely appellee's responsibility. As for the attorney fees, appellant was ordered to reimburse appellee $15,000.00 for her attorney fees as discussed in Assignment of Error XII. Including the $3,500.00 in the Landis debt would in effect cause appellant to pay this amount twice.

{¶53} We find the trial court did not abuse its discretion in finding the debt to appellee's mother to be marital property and assigning it to appellee save for the amount of $4,895.00 as discussed above.

DISTRIBUTION OF PROPERTY SUMMARY

{¶54} Appellant claims the trial court erred in its distribution of property summary.

{¶55} Given our decision under these assignments, we find the trial court's property summary (Attachment 2 to the February 24, 2012 Judgment Entry Decree of Divorce) to be equitable except for the change in the Landis debt. The Landis debt in appellee's column shall be reduced by $4,895.00, from $10,196.00 to $5,301.00. The trial court shall enter a new property summary and judgment based upon this change.

{¶56} Assignments of Error V, VI, and VII are denied. Assignments of Error VIII and IX are granted in part.

X

{¶57} Appellant claims the trial court erred in finding him in contempt of court. We disagree.

{¶58} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69 (1991); *Blakemore,* supra.

{¶59} In its judgment entry decree of divorce filed February 24, 2012, the trial court found the following:

> The defendant is found to be in contempt for his failure to abide by the orders of this Court in regards to his payment of child support and orders compelling discovery. The defendant is sentenced to 10 days incarceration at the Licking County Justice Center. The defendant's

sentence shall be suspended and he shall be given the opportunity to purge his contempt by paying arrearage of $5,392.52 within one year and by complying with all future orders of this Court. Plaintiff shall be awarded judgment in her favor against the defendant in the amount of $5,392.52 as of June 2, 2011 along with statutory interest from that date.

{¶60} In its findings of fact and conclusions of law filed April 30, 2012, the trial court found the following:

The Court finds that in the discovery process, the plaintiff made repeated efforts to obtain historical income information from the defendant. Upon cross-examination, the defendant was still not able to provide sufficient information regarding his bonus and overtime income for 2008, 2009, and 2010.

The Court finds that as of June 2, 2011, there is a support arrearage of $5,392.57, due and owing by the defendant. Based upon the evidence admitted into the record, this Court finds that the defendant has failed to abide by the temporary orders of this Court and has failed to demonstrate a bona fide defense to his failure to do so.

{¶61} On May 10, 2010, temporary orders were issued on child and spousal support retroactive to April 3, 2010. Appellant argues his inability to pay his arrearages

was not intentional as he started out behind because the temporary orders were made retroactive.

{¶62} According to appellant's 2010 tax return (Plaintiff's Exhibit No. 2), he earned approximately $78,000.00 and received a refund of $5,801.00. T. at 25-27. Appellant also received $3,031.00 from cashing in accumulated sick leave. T. at 33. Appellant used the funds to pay bills and purchase items instead of pay on his arrearages. T. at 26, 29, 34.

{¶63} Upon review, we find the trial court did not abuse its discretion in finding appellant in contempt of court for failing to abide by the temporary orders of child and spousal support.

{¶64} Appellant further argues he was unable to provide discovery on his overtime pay as the parameters for overtime changed due to his promotion.

{¶65} Pursuant to two separate orders to compel (February 28, and April 15, 2011), the trial court ordered appellant to comply with appellee's request for production of documents and first set of interrogatories. At the time of trial on June 6, 2011, appellant was still unable to comply with the requests for bonus and overtime income for 2008, 2009, and 2010. T. at 31.

{¶66} Upon review, we find the trial court did not abuse its discretion in finding appellant in contempt of court for failing to abide by the orders to compel discovery.

{¶67} In addition, we note the trial court gave appellant the opportunity to purge himself of contempt. The trial court ordered appellant to pay the $5,392.52 within one year which is reasonable given appellant's income.

{¶68} Assignment of Error X is denied.

XI

{¶69} Appellant claims the trial court erred in allocating the parties' parental rights and responsibilities. Specifically, appellant claims the trial court erred in permitting him to visit with his children only twice per week for two hours each time, ordering him to undergo drug and alcohol evaluation and follow any recommended treatment plans, and denying overnight visits until all of the programs were completed and it reviewed the follow-up investigation and report of the guardian ad litem. We disagree.

{¶70} Matters concerning visitation rest in the trial court's sound discretion. *Booth v. Booth,* 44 Ohio St.3d 142 (1989); *Blakemore.*

{¶71} In its judgment entry decree of divorce filed February 24, 2012, the trial court ordered visitation as follows:

The defendant shall have visitation with the children twice a week for 2-hour blocks on his days off or a time off for a duration of four weeks.

After four weeks the defendant may have visitation with the children for two days a week on his days off. No overnight visitation at this time. The defendant shall personally be present during his visitation times.

The defendant shall immediately undergo drug and alcohol intake and assessment at Shepard Hill in Newark, Ohio and shall satisfactorily complete any treatment programs recommended by the counselor.***Upon completion of said treatment program(s) and at the request of the defendant, the guardian shall perform a follow-up review

and evaluation to determine whether or not the defendant should be entitled to overnight and/or extended visits with is children. The guardian shall further determine whether or not the defendant's future companionship should be supervised or otherwise limited. Said recommendation shall be submitted to the Court and the matter will be scheduled for oral hearing on the motion of either party.

The defendant shall not consume alcohol or other controlled substance during the period commencing 24 hours prior to or during his parenting time with the children.***

The Court enters this order based upon its consideration of the overall relevant evidence admitted into the record and upon the consideration of this evidence in light of the "best interest" factors set forth in ORD Section 3109.051 (D).

{¶72} In its findings of fact and conclusions of law filed April 30, 2012, the trial court found the following:

Pursuant to Local Rule 29 and Rule 48 of the Rules of Superintendence, the duly appointed Guardian as Litem filed her report with the Court Administrator. This Court has reviewed and admitted the report into evidence as provided by Rule.

The Court finds that neither party chose to examine the Guardian and she was released immediately prior to the commencement of the hearing.

{¶73} The trial court also found:

The Court finds from the evidence adduced that the best interests of the minor children would be best served by continuing the plaintiff as the residential parent and legal custodian. In coming to that conclusion and determining the best interests of the children, this Court has considered the findings and recommendations of the duly appointed Guardian ad Litem and those factors set forth at R.C. 3109.04(F)(1). The Court considered the evidence regarding the history and record of the defendant's relationship with the children, his abuse of alcohol and his history of visitation during the pendency of the divorce.

{¶74} As noted by the trial court, neither party examined the guardian ad litem and in fact, appellant stipulated to the report. T. at 62. Appellant agreed with the guardian's recommendation. T. at 11-12. The report has not been provided to this court for review.

{¶75} Appellee stated she had concerns about the well-being and safety of the children in appellant's care due to appellant's "alcohol intake being high" on prior occasions. T. at 60.

{¶76} Given the evidence presented, we find the trial court did not abuse its discretion in its visitation order.

{¶77} Assignment of Error XI is denied.

XII

{¶78} Appellant claims the trial court erred in awarding appellee attorney fees in the amount of $15,000.00. We disagree.

{¶79} The awarding of attorney fees rests in the trial court's sound discretion. *Howell v. Howell,* 167 Ohio App.3d 431, 2006-Ohio-3038 (2nd Dist.); *Blakemore,* supra.

{¶80} R.C. 3105.73 governs the award of attorney fees and litigation expenses in domestic relations cases. Subsection (A) states the following:

In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶81} In its judgment entry decree of divorce filed February 24, 2012, the trial court ordered the following:

Each party shall pay their own attorney fees, however, the defendant shall within three years reimburse the plaintiff $15,000.00 plus statutory interest for her attorney fees. $1,000.00 of these fees relate to the contempt action above.

The Court has reviewed, considered ORC 3105.73 and finds this order equitable. The Court specifically considered the income and assets of the parties and the conduct of the defendant.

{¶82} In its findings of fact and conclusions of law filed April 30, 2012, the trial court found the following:

Pursuant to that (sic) authority of R.C. 3105.73, the Court finds it equitable to award plaintiff judgment in the amount of Fifteen Thousand Dollars ($15,000.00), for her fees and expenses. Said judgment shall bear statutory interest from June 6, 2011. In arriving at this decision, the Court considered the conduct of the defendant; the finding of contempt and Rule 37 Sanctions; the two Orders compelling compliance; and, the assets and income of the parties.

{¶83} Plaintiff's Exhibit No. 8 is appellee's attorney's affidavit on attorney fees. Mr. Schaler averred that appellee has incurred total attorney fees of $9,421.72 as of June 3, 2011, with $1,079.50 attributed to the contempt motion. Mr. Schaler further

averred that appellee would incur another $3,500.00 to $4,000.00 to finalize the matter. Appellant stipulated to the exhibit and the rate and work performed.  T. at 59.

{¶84}  Given the stipulation and the parties' assets and relative incomes as well as appellant's conduct, all discussed supra, we find the trial court did not abuse its discretion in awarding appellee attorney fees in the amount of $15,000.00.

{¶85}  Assignment of Error XII is denied.

{¶86}  The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby affirmed in part and reversed in part.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

_s / Shelia G. Farmer_____

_s / W. Scott Gwin_____

_s / William B. Hoffman_____

JUDGES

SGF/db 921

[Cite as *Wildman v. Wildman*, 2012-Ohio-5090.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT


NATALIE E. WILDMAN             :

      Plaintiff-Appellee         :

-vs-                         :         JUDGMENT ENTRY

TERRANCE A. WILDMAN, JR.    :

      Defendant-Appellant    :        CASE NO. 12-CA-21


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellant.


 _s / Shelia G. Farmer_____


 _s / W. Scott Gwin_____


 _s / William B. Hoffman_____

                   JUDGES