[Cite as *Compton v. Compton*, 2016-Ohio-4626.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| LORI A. COMPTON | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2015 CA 00199 |
| RONALD L. COMPTON | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2014 DR 00313 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 20, 2016 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| DAVID S. AKE | ESTELLE D. FLASCK |
| 301 First Merit Building | 1650 South Arlington Stret |
| 4881 Munson Street | #1 |
| Canton, Ohio 44718 | Akron, Ohio 44306 |

*Wise, J.*

{¶1} Defendant-Appellant Ronald L. Compton appeals from the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which clarified its divorce provisions following a prior remand from this Court. Plaintiff-Appellee is Lori A. Compton, appellant's former spouse. The relevant facts leading to this appeal are as follows:

{¶2} Appellant and appellee were married on May 5, 1990. The marriage produced three children, all of whom are presently emancipated. Appellee Lori filed a complaint for divorce on March 26, 2014. Appellant Ronald thereafter filed an answer and counterclaim, to which appellee replied.

{¶3} The matter proceeded to a trial on September 11, 2014. Following said trial, the trial court entered a final decree of divorce on November 3, 2014. Among other things, the trial court ordered appellant to pay spousal support to appellee for eight years, and awarded the marital residence to appellant. The trial court further characterized appellee's attorney fees as marital debts on its distribution chart, but stated in the decree each party would pay his or her own attorney fees and costs.

{¶4} Appellant thereupon appealed from the judgment entry of divorce, raising five assigned errors, summarized as follows: (1) The trial court abused its discretion in its award of spousal support to be paid by appellant; (2) the trial court abused its discretion in refusing to retain jurisdiction over spousal support; (3) the trial court's determination of appellee's income was contrary to the manifest weight of the evidence; (4) the trial court incorrectly characterized appellee's attorney fees as marital debt; (5) the trial court erred in failing to find that appellee committed financial misconduct. Upon review, this Court

sustained appellant's second and fourth assigned errors and overruled the remainder. More specifically, as to the fourth assigned error, we referenced the concluding final orders in the original decree, which had stated: "Each party shall pay his/her attorney fees and costs." Original Decree, November 3, 2014, at 13. However, we noted the court's "Property Distribution Exhibit" had included a $360.00 debt to a law firm along with the $2000.00 loan from Judy Swartz for attorney fees and an additional $8000.00 loan from appellee's parents for attorney fees. We found this to be ambiguous.

{¶5} The judgment of divorce was therefore reversed in part and remanded for further proceedings consistent with our opinion, including a directive for clarification as to the assignment of attorney fees and as to whether or not the trial court meant to retain spousal support jurisdiction. *See Compton v. Compton*, 5th Dist. Stark No. 2014CA00207, 2015-Ohio-4327 ("*Compton I*"). The Ohio Supreme Court did not allow further appeal from said decision. *See Compton v. Compton*, 145 Ohio St.3d 1409, 46 N.E.3d 703, 2016-Ohio-899.

{¶6} Following our aforesaid remand, the trial court, on October 15, 2015, issued a "Final Entry Decree of Divorce Following Remand." The trial court therein determined *inter alia* that appellee's attorney fees "were partially paid for from marital funds." The trial court further found that inclusion of the attorney fee debts in the division of marital assets would be appropriate. *See* October 15, 2015 Decree Following Remand at 11. As a result, the trial court included appellee's attorney fees as a marital debt.

{¶7} On November 3, 2015, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶8} "I. THE TRIAL COURT INCORRECTLY CHARACTERIZED WIFE'S ATTORNEY FEES AS MARITAL DEBT DUE TO 'HUSBAND PROTRACTED LITIGATION TO WIFE'S DETRIMENT' [SIC] WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶9} In his sole Assignment of Error, appellant maintains the trial court abused its discretion in characterizing appellee's attorney fees as marital debt, resulting in an inequitable division of marital assets and debts. We disagree.

{¶10} As an appellate court, we generally review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. Also, an award of attorney fees in a domestic relations action is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Chattree v. Chattree*, 8th Dist. Cuyahoga No. 99337, 8 N.E.3d 390, 410, 2014-Ohio-489, ¶ 79, citing *Wildman v. Wildman,* 5th Dist. Licking No. 12–CA–21, 2012-Ohio-5090, ¶ 79. The pertinent statute, R.C. 3105.73(A) states: "In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."

**{¶11}** The trial court, following our prior remand, specifically concluded as follows on this issue: "The wife incurred attorney fees which were partially paid for from marital funds, being a $2,000 loan from Judy Swartz. An additional $360 debt to a law firm is included as a marital obligation. The Court finds that the husband protracted the litigation of this case to the wife's detriment, therefore inclusion of those debts in the division of marital assets is appropriate." Decree Following Remand, October 15, 2015, at 11.[1]

**{¶12}** Appellant first maintains that appellee's attorney fees do not fit the definition of "marital debt," citing *Ketchum v. Ketchum*, 7th Dist. Columbiana No. 2001 CO 60, 2003-Ohio-2559. However, appellant misinterprets the analysis in *Ketchum*. The Seventh District Court therein stated that "*[i]n most states*, a marital debt is any debt incurred during the marriage for the joint benefit of the parties or for a valid marital purpose." *Id.* at ¶ 47, citing Turner, Equitable Distribution of Property (2 Ed.1994, Supp.2002) 455, Section 6.29 (emphasis added). The *Ketchum* court correspondingly recognized that "[n]o accepted definition of marital debt has arisen from Ohio caselaw." *Id.* at ¶ 47. Even if Ohio had developed a more standardized definition of marital debt, we conclude the authority conferred on domestic relations courts by R.C. 3105.73(A) to equitably manage attorney fees in divorce actions must take precedence.

---

[1] We note the trial court at this point in the decree following remand made no mention of the sum of $8,375.00 appellee borrowed from her parents, Robert and Mary Lincoln, chiefly for the purpose of attorney fees. *See* Trial Tr. Vol. II at 35. However, the distribution exhibit referenced in the decree following remand lists the loan from the Lincolns as marital debt, without additional specificity. In our prior opinion, we made reference to "an additional $8,000 [*sic*] loan from Wife's parents for attorney fees." *See Compton I* at ¶ 31. Appellant herein posits that the $8,375.00 figure is part of the total attorney fee sum. *See* Appellant's Brief at 2.

**{¶13}** Appellant secondly contends the record provides no evidentiary support for the conclusion that appellee's claimed attorney fees were a valid debt. He asserts the record does not support a finding that appellee's friend Judy Swartz or appellee's parents expected reimbursement from the money loaned to her for legal expenses. He also notes there was no expert testimony as to the reasonableness of the fees. Similarly, he contends there is no support for the trial court's rationalization that appellant caused protracted litigation in the case, noting that the trial (lasting about four hours) was completed slightly under six months after the divorce complaint was filed.

**{¶14}** However, a domestic relations court may use its own knowledge in reviewing the record to determine the reasonableness of attorney fees. *See Lough v. Lough*, 5th Dist. Licking No. 03CA104, 2005-Ohio-79, ¶ 94 (additional citations omitted). Furthermore, it is generally recognized that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. *See, e.g., Taralla v. Taralla*, Tuscarawas App. No. 2005 AP 02 0018, 2005-Ohio-6767, 2005 WL 3484130, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. By extension, a domestic relations court, well-versed in the ordinary flow of divorce litigation through its doors, is in a much better position to determine whether a particular case has been unduly hampered by one or more of the participants. Upon review, we are unable to conclude the trial court's handling of the attorney fee issues in this instance, subsequent to our remand, rose to the level of an abuse of discretion.

**{¶15}** Appellant's sole Assignment of Error is therefore overruled.

**{¶16}** For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.

JWW/d  0531